UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SCOTT MOREHOUSE,

                        Plaintiff,

    v.                                                  9:15-CV-0151
                                                           (GLS/DJS)
NATHAN H. YORK et. al.,

                        Defendants.

---

APPEARANCES:                                     OF COUNSEL:

FOR THE PLAINTIFF:
SCOTT MOREHOUSE
15-I-0011
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

FOR THE DEFENDANTS:
Lemire, Johnson Law Firm                     GREGG T. JOHNSON, ESQ.
P.O. Box 2485                                       BRADLEY J. STEVENS, ESQ.
2534 Route 9
Malta, NY 12020

GARY L. SHARPE
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

       Plaintiff commenced this pro se action in February 2015 pursuant to 42 U.S.C. § 1983,

alleging that defendants violated his rights under the First Amendment to the United States

Constitution. *See generally* Dkt. No. 1 ("Compl."). In a Decision and Order filed March 30,

2015 (the "March Order"), plaintiff's application to proceed in forma pauperis ("IFP

Application"), (Dkt. No. 2), was granted, and, after reviewing the sufficiency of the complaint

pursuant to 28 U.S.C. § 1915(e)(B) and 28 U.S.C. § 1915A(b), the Court determined that certain claims asserted in the complaint survived sua sponte review and required a response from defendants. Dkt. No. 4.

On May 20, 2015, defendants filed an answer to plaintiff's complaint, and, on May 21, 2015, the Court issued a Mandatory Pretrial Discovery and Scheduling Order. Dkt. Nos. 8, 9.

On August 6, 2015, defendants filed a motion to consolidate this action with two pending actions plaintiff commenced against Warren County employees.[1] Dkt. No. 13 at 1. Defendants also moved for an order revoking plaintiff's IFP standing pursuant to 28 U.S.C. § 1915(g). *Id.* at 3.

On August 14, 2015, plaintiff filed a motion requesting to voluntarily dismiss this action "on a temporary basis . . . [to] refile . . . at a later date." Dkt. No. 15. Plaintiff seeks to withdraw his action, without prejudice, due to a lack of "meaningful access to the law library, mail services," the destruction of his civil case files and access to counsel. *Id* at 1; Dkt. No. 22 at 4. Plaintiff asserts that he will re-file the action, within the statutory period, when he obtains counsel. Dkt. No. 15; Dkt. No. 22 at 5. Defendants responded to the motion, objecting to the dismissal of this action without prejudice, and asserting that the action should be dismissed with prejudice. Dkt. Nos. 17, 21. Defense counsel argues that plaintiff's only purpose in requesting dismissal is to avoid defendants' motion to consolidate and revoke plaintiff's IFP status. Dkt. No. 21-2 at 6-7. Defendants also claim that any dismissal should be with prejudice because plaintiff is a "vexatious litigant." *Id.* at 7-8. Finally, defendants contend that they have exerted substantial time and resources in defense of plaintiff's action

---

[1] Defendants sought to consolidate the within action with the following actions, the latter of which is still pending: *Morehouse v. York,* 9:14-CV-1359 (TJM/DJS) and *Morehouse v. York*, 9:15-CV-152 (LEK/DEP).

and assert that they will be prejudiced by allowing "an unspecified amount of time due to plaintiff's suspicious request."  *Id.* at 10.

## II.    DISCUSSION

### A.    Legal Standard

Rule 41(a) provides that, after an answer or motion for summary judgment has been filed, an action shall not be dismissed at the plaintiff's request except where all parties have signed a stipulation of dismissal, or upon order of the court.[2]  Fed. R. Civ. P. 41(a)(1)(B); 41(a)(2); *D'Alto v. Dahon California, Inc*., 100 F.3d 281, 283 (2d Cir. 1996) ("Where, as here, a defendant has answered the complaint, a plaintiff may no longer dismiss an action as a matter of right.").  The Rule further provides that, unless the stipulation or order states otherwise, the dismissal is without prejudice.  Fed. R. Civ. P. 41(a)(1)(B); 41(a)(2).  Generally, a district court may exercise its discretion to permit a plaintiff to dismiss an action pursuant to Rule 41(a)(2) "if the defendant will not be prejudiced thereby."  *Correspondent Servs. Corp. v. First Equities Corp. of Fla*., 338 F.3d 119, 126 (2d Cir. 2003); *see Gap, Inc. v. Stone Int'l Trading, Inc*., 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (citations omitted) ("Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result.").  The decision whether to grant a Rule 41(a) motion for voluntary dismissal lies within the sound discretion of the court, *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001), and is to be ordered "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

---

[2] Defendants filed an answer before plaintiff requested voluntary dismissal.  Dkt. No. 8.

3

The Second Circuit has set forth factors that are relevant to a district court's determination of whether a defendant would be prejudiced by dismissing an action, including: (1) plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

**B.    Analysis**

"When analyzing whether a party was diligent or not in bringing a motion, courts have focused on whether or not the moving party encouraged the non-moving party to continue discovery without any intention of pursuing its claims." *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05 CV 3939, 2008 WL 4127549, at *5 (S.D.N.Y. Sept. 2, 2008). The Court also examines the length of time an action has been pending. *See Staten Island Terminal, LLC v. Elberg*, No. 11-CV-3262, 2012 WL 1887126, at *3 (E.D.N.Y. May 23, 2012). This action has been pending for approximately eleven months. Defendants provided plaintiff with their required mandatory disclosures shortly before plaintiff moved for voluntary dismissal. Dkt. No. 10. Generally, "[w]here discovery has been limited, . . . , courts will dismiss cases and/or claims without prejudice." *Omega Institute, Inc. v. Universal Sales Sys., Inc.*, No. 08-CV-6473, 2010 WL 475287, at *5 (W.D.N.Y. Feb. 5, 2010). This factor weighs in favor of dismissal without prejudice.

Turning to the second factor, whether there is evidence of undue vexatiousness, the Court considers whether the party had "'ill-motive.'" *Shaw Family Archives, Ltd.*, 2008 WL 4127830, at *6. Defendants attempt to demonstrate an intent to harass by annexing copies

of correspondence between defense counsel and plaintiff that contains "profanity and sarcasm." Dkt. No. 21-2 at 8. The correspondence and documents annexed as exhibits to defendants' opposition pertain to discovery in different actions pending in both federal and state court, are unrelated to the within action and thus, not relevant to this inquiry. Dkt. No. 21-1. "[C]ourts find vexatiousness 'where plaintiffs have assured the court and the defendants that they intended to pursue their claims prior to seeking a dismissal.'" *Staten Island Terminal, LLC*, 2012 WL 1887126, at *4. Here, defendants have not demonstrated that plaintiff acted with "ill motive in bringing or maintaining his claims" in this action. *Morgan v. Town of DeWitt*, No. 5:12-CV-1136 (LEK/TWD), 2013 WL 5217947, at *2 (N.D.N.Y. Sept. 16, 2013); *see Hinton v. Monster Worldwide, Inc.*, No. 09 Civ. 2629, 2009 WL 4249130, at *3 (S.D.N.Y. Nov. 24, 2009) (holding that the plaintiff's "poor communication" with defendant did not raise concerns about the plaintiff's motive in bringing the suit).

Similarly, the third factor - the extent to which the suit has progressed - does not suggest that a dismissal of the action would be prejudicial to the defendants. Generally, this factor weighs against dismissal without prejudice only if the case has progressed to an advanced stage, such as the eve of trial, *see Zagano*, 900 F.2d at 14-15, or when discovery is complete and partial dispositive motions have been adjudicated, *see Jewelers Vigilance Comm., Inc. v. Vitale Inc.*, No. 90 Civ. 1476, 1997 WL 582823, at *3 (S.D.N.Y. Sept. 19, 1997). Here, discovery is not complete and no discovery motions have been filed. Additionally, no dispositive motions have been filed, and this action is not trial ready. Defendants argue that the pending motion to revoke plaintiff's IFP status "is dispositive" as it would "dismiss plaintiff's instant claims" and contend that plaintiff's only purpose in

5

requesting dismissal without prejudice is "to avoid the prospect of an adverse decision on a dispositive motion." Dkt. No. 21-2 at 5-7. However, a motion to revoke plaintiff's IFP status is not dispositive in nature. *Jones v. Hawthorne*, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *4, n.2 (N.D.N.Y. June 5, 2014).

Defendants have not filed dispositive motions and the case has not progressed to the point where dismissal without prejudice would be inappropriate. *Compare Lopez v. Whitmore*, No. 9:13-CV-952 (BKS/ATB), 2015 WL 4394604, at *8 (N.D.N.Y. July 16, 2015) (holding that it would be unfair to allow the plaintiff to voluntarily withdraw because defendants filed a summary judgment motion supported by numerous affidavits and exhibits). As a result, this factor also weighs in favor of dismissal without prejudice.

The fourth *Zagano* factor, namely the duplicative expense of relitigation, also weighs in favor of dismissal without prejudice. "'The mere prospect of a second litigation' is insufficient to rise to the level of legal prejudice." *Shaw Family Archives, Ltd.*, 2008 WL 4127830, at *9 (citing *Jones v. SEC*, 298 U.S. 1, 19 (1936); *D'Alto*, 100 F.3d at 283); *see Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y. 2008) (finding no prejudice where defendant "can use some of the material discovered and the legal work already done, if the case is renewed in the future"); *Banco Central De Para. v. Para. Humanitarian Found., Inc.*, No. 01 Civ. 9649, 2006 WL 3456521, at *6-7 (S.D.N.Y. Nov.30, 2006) ("[E]ven if [plaintiff] were to re-litigate the remaining claims in a future action, whatever work that defendants have done in preparing for trial can easily be used in a subsequent, similar action.").

Fifth, and finally, plaintiff explains that he will be in a better position to pursue this

6

action once he retains counsel.  This factors weighs in favor of dismissal without prejudice.

The Court has reviewed defendants' objections to dismissal without prejudice, and finds them to be without merit.  This case was in the discovery phase when plaintiff asked to withdraw the action, and there is no evidence that significant resources have been expended in preparation for trial.  Thus, plaintiff's request to voluntarily dismiss this action without prejudice is granted.[3]

In light of this Court's decision, defendants' motion for consolidation and for an order revoking plaintiff's IFP status are denied as moot.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for voluntary dismissal without prejudice (Dkt. No. 15) is **GRANTED** and this action is **DISMISSED without prejudice**; and it is further

**ORDERED** that defendants' motions to consolidate and revoke plaintiff's IFP status (Dkt. No. 13) are **DENIED** as moot; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

January 7, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge

---

[3] Plaintiff is advised that if he desires to re-file this action at a later time, he must do so before the applicable statute of limitations expires.

7